```
                                            FILED
                                       U.S. DISTRICT COURT
                                      EASTERN DISTRICT OF LA

                                       2005 DEC 12 PM 4:29

                                        LORETTA G. WHYTE
                                             CLERK
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDDIE LANGLOIS, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-1498** |
| **RODNEY JACK STRAIN, ET AL** | **SECTION "F"(5)** |

### REPORT AND RECOMMENDATION

Plaintiffs, Eddie Langlois and Leavoice Scott, filed the instant pro se and in forma pauperis 42 U.S.C. §1983 action complaining that they were being denied medical care and that their incarceration in the St. Tammany Parish Jail was unconstitutional.[1] Plaintiffs have named as defendants St. Tammany Parish Sheriff Rodney Jack Strain, St. Tammany Parish Jail Warden Marlin Peachy, St. Tammany Parish District Attorney Walter Reed, and the St. Tammany Parish Council.[2] This matter is before the court pursuant to a motion to dismiss (rec. doc. 26) filed on behalf of District Attorney Reed and the St. Tammany Parish Council. In response to defendants' motion, this court issued an order (rec. doc. 27) directing plaintiffs to file their oppositions to defendants' motion. Despite this order, which was not returned as undeliverable, neither plaintiff has filed any opposition,

---

[1] Since the filing of this action, both plaintiffs have been released from custody.

[2] Plaintiffs originally named the "St. Tammany Parish Police Jury" as a party defendant. However, the governing body formerly known as the St. Tammany Parish Police Jury no longer exists, having been replaced by the St. Tammany Parish Council.



though plaintiff Eddie Langlois did file a pleading (rec. doc. 28) advising that he desired to voluntarily dismiss his case.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of the plaintiff to prosecute his case or to comply with an order of the court. Lopez v. Aransas County Independent School District, 570 F.2d 541 (5th Cir. 1978). Pertinent to the matter at hand, the Fifth Circuit has upheld the dismissal of a plaintiff's lawsuit under Rule 41 (b) based on his failure to file a response to a defendant's motion for summary judgment as was ordered by the trial court. Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir.), cert. denied, 522 U.S. 875, 118 S.Ct. 195, 139 L.Ed.2d 133 (1997).

Plaintiff Leavoice Scott has failed to file a response to the pertinent motion to dismiss as was ordered by this court. The court must therefore assume that Scott has no further interest in pursuing this matter. With respect to plaintiff Eddie Langlois, he has specifically advised that he does not want to pursue this matter. Accordingly, dismissal of plaintiff Scott's claims are warranted under Rule 41(b) and dismissal of plaintiff Langlois's claims are warranted pursuant to his request.

Additionally, an in forma pauperis complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2). The court has broad discretion in determining the frivolous nature of the complaint. See Cay v. Estelle, 789 F.2d 318 (5th Cir. 1986), modified on other grounds by Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In doing so, the court has ". . . not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual

power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); see also Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); Booker, 2 F.3d at 116. Under the broadest reading of the instant complaint,[3] plaintiffs' allegations lack any arguable basis in law and should be dismissed as frivolous and for otherwise failing to state a claim for which relief can be granted.

Plaintiffs' claims against the St. Tammany Parish Council are subject to dismissal because a city or parish council is not a suable entity. See Bonilla v. City Council of City of Chicago, 809 F.Supp. 590, 600-601 (N.D. Ill. 1992), citing Mayes .v Elrod, 470 F.Supp. 1188, 1192 (N.D. Ill. 1979); Fairbanks v. Bradenton Beach, 733 F.Supp. 1447, 1450 (M.D. Fla. 1989); Latino Political Action Committee, Inc. v. Boston, 581 F.Supp. 478, 484 (D.Mass. 1984). Plaintiffs have not sued individual members of that body nor a specific municipal entity. Similarly, plaintiffs' claims against St. Tammany Parish District Attorney Walter Reed arising from Reed's alleged "discriminatory" decision to prosecute plaintiffs, is subject to dismissal due to the fact "that state prosecutors have absolute immunity from liability for their actions in initiating prosecutions." Briscoe v. LaHue, 460 U.S. 325, 334, 103 S.Ct. 1108, 1115, 75 L.Ed.2d 96 (1983), citing Imbler v. Pachtman, 424 U.S. 409, 440, 96 S.Ct. 984, 999, 47 L.Ed.2d 128 (1976); see also Cousin v. Small, 325 F.3d 627, 631 (5th Cir. 2003).

---

[3]The court must liberally construe a pro se civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Accordingly;

## RECOMMENDATION

It is **HEREBY RECOMMENDED** that the instant matter be **DISMISSED** with prejudice as to the claims of Eddie Langlois based upon his request for voluntary dismissal (Rec. Doc. 28).

It is **FURTHER RECOMMENDED** that the motion to dismiss filed on behalf of defendants Walter Reed and the St. Tammany Parish Council be **GRANTED.**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 9 day of Dec, 2005.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE